**IN RE: Amber Lynn LUZIER, Debtor.**

**CASE NUMBER 10–40795**

United States Bankruptcy Court,
N.D. Ohio,
Northern District of Ohio.

Signed October 3, 2014

Robert A. Ciotola, Canfield, OH, Philip D. Zuzolo, Zuzolo Law Offices, LLC, Niles, OH, for Debtor.

## ORDER FINDING NATIONSTAR MORTGAGE LLC IN CONTEMPT FOR VIOLATION OF THE DISCHARGE INJUNCTION AND IMPOSING SANCTIONS

Kay Woods, United States Bankruptcy Judge

This cause is before the Court on Motion for Contempt for Violation of the Discharge Injunction and for Sanctions Pursuant to FRBP 3002.1 ("Motion for Contempt") (Doc. 41) filed by Debtor Amber Lynn Luzier on February 28, 2014. The Court held a hearing on the Motion for Contempt on October 2, 2014, at which appeared: Philip D. Zuzolo, Esq., on behalf of the Debtor; and Andrew L. Turscak, Jr., Esq., on behalf of Nationstar Mortgage LLC ("Nationstar").

The Motion for Contempt alleges that, subsequent to the Debtor's discharge in this case on December 20, 2012, Nationstar (i) threatened to reinitiate foreclosure proceedings on the basis that the "Debtor's mortgage was in arrears starting January 1, 2012[ ]" (Mot. for Contempt at 2); and (ii) filed a proof of claim [1] in the Debtor's second bankruptcy case, denominated Case No. 13–41135 ("Second Bankruptcy

---

1. The proof of claim, which was filed on September 24, 2013 and is denominated as Claim No. 1–1, asserts a total secured claim of $43,570.68, of which $9,342.43 is the amount of arrearage at the time the Second Bankruptcy Case was filed.

Case")[2], which included fees and costs that were discharged in the instant bankruptcy proceeding. The Debtor alleges that Nationstar's actions "in seeking to collect fees, costs, and mortgage payments that had already been paid and discharged in the Chapter 13 bankruptcy, misapplying Debtor's mortgage payments, and threatening to initiate a wrongful foreclosure action" violated the discharge injunction in 11 U.S.C. § 524(a). (Mot. for Contempt at 3.)

On March 14, 2014, Nationstar filed Nationstar Mortgage LLC's Response in Opposition to Motion for Contempt for Violation of Discharge Injunction and Sanctions and Reservation of Rights With Respect Thereto ("Response") (Doc. 44). In its Response, Nationstar references Adversary Proceeding No. 14–4009 ("Adversary Proceeding")[3], which relates to the Debtor's Second Bankruptcy Case and states that it "commenced an inquiry into the actual facts and circumstances surrounding the assertions set forth in the Complaint and Motion, which assertions Nationstar denies." (Resp. ¶ 3.) Nationstar further "retains and reserves all of its rights with respect to the Complaint and the Motion, including supplementing this Response and objecting to the Motion on grounds not known at this time, as well as opposing the relief sought in the Motion at the hearing thereupon, which hearing is currently set for May 29, 2014."[4] (Id. ¶ 4.)

On October 1, 2014—the day before the hearing on the Motion for Contempt—Nationstar filed Nationstar Mortgage LLC's Supplemental Response in Opposition to Motion for Contempt for Violation of Discharge Injunction and Sanctions ("Supplemental Response") (Doc. 56). In the Supplemental Response, Nationstar admits its internal inquiry established that "several charges that were discharged in Debtor's First Chapter 13 Bankruptcy, including $411[.00] relating to title costs; $565[.00] for filing fees; $470.91 for court costs; and $110[.00] for process costs—all totaling about $1,556.91" were included in the proof of claim, denominated as Claim No. 1–1, which Nationstar filed in the Debtor's Second Bankruptcy Case. (Supp. Resp. at 3.) Nationstar does not address the issue of the monthly mortgage payments and threatened foreclosure in either its Response or the Supplemental Response.

## I. BACKGROUND

The Debtor filed a voluntary petition pursuant to chapter 13 of the Bankruptcy Code on March 11, 2010. The Debtor's chapter 13 plan ("Plan") was confirmed on April 27, 2010.

At the time the Debtor filed this bankruptcy case, BAC Home Loans Servicing, L.P. ("BAC") held the note and mortgage on her residence. The Plan provided for the mortgage arrearage claim to be paid by the Trustee and for the Debtor to make the monthly mortgage payments directly to BAC (a process also known as being paid "outside" the plan). Based on the note and mortgage, on May 25, 2010, BAC filed an amended proof of claim, which was denominated as Claim No. 2–2, in the secured amount of $36,438.82, of which $3,532.67 constituted pre-petition arrear-

2. The Debtor filed the Second Bankruptcy Case on May 22, 2013, approximately five months after receiving a discharge in this case. The Debtor filed the Second Bankruptcy Case "solely to save her house from Nationstar's threats of foreclosure." (Mot. for Contempt at 4.)

3. The Debtor commenced Adversary Proceeding 14–4009 on February 17, 2014.

4. At the request of the parties, the hearing on the Motion for Contempt has been continued several times.

ages. On September 1, 2012, Transfer of Claim Other Than for Security ("Transfer") (Doc. 30) was filed, which detailed the transfer of Claim No. 2–2 from BAC to Nationstar.

On November 16, 2012, Michael A. Gallo, the Chapter 13 Standing Trustee, filed Notice of Final Cure Payment on Residential Mortgage ("Notice of Final Cure") (Doc. 32), which gave notice to Nationstar that the amount required to cure the default in Claim No. 2–2 in the amount of $3,532.67 had been paid in full and that the Debtor had completed all payments under the Plan. The Notice of Final Cure informed Nationstar that:

> Within twenty-one (21) days of service of the within Notice, creditor shall file and serve on the Debtor(s), Debtor('s') counsel and the Trustee, pursuant to Federal Bankruptcy Rule 3002.1(g), a statement indicating:
>
> (1) Whether it agrees that the debtor(s) has paid in full the amount required to cure the default on the claim; and
>
> (2) Whether the debtor(s) is otherwise current on all payments consistent with § 1322(b)(5) of the Code.

(Not. of Final Cure at 1.) Nationstar did not file any statement in response to the Notice of Final Cure. The Debtor's Discharge (Doc. 34) was issued on December 20, 2012. The Trustee filed Chapter 13 Standing Trustee's Final Report and Account (Doc. 36) on January 29, 2013 and thereafter the case was closed.

On February 10, 2014, the Debtor filed Motion to Reopen Case (Doc. 38) for the purpose of pursuing discharge violations against Nationstar. The Court issued Order Granting Debtor's Motion to Reopen Case (Doc. 39) on February 25, 2014.

The Debtor filed the Second Bankruptcy Case on May 22, 2013 to stop a foreclosure action threatened by Nationstar. In connection with the Second Bankruptcy Case, the Debtor commenced the Adversary Proceeding against Nationstar.[5]

## II. VIOLATION OF THE DISCHARGE INJUNCTION

In the Motion for Contempt, the Debtor argues that Nationstar is in violation of the discharge injunction in attempting to collect (i) "over $1,500[.00] in foreclosure and bankruptcy fees and costs"; and (ii) "a year's worth of mortgage payments and accrued interest that should have been disclosed pursuant to Rule 3002.1" (Mot. for Contempt at 5.)

### A. Discharged Foreclosure and Bankruptcy Costs

■ Nationstar addresses only the first of the Debtor's allegations and admits that it included charges "totaling about $1,556.91" in Claim No. 1–1, which Nationstar filed in the Debtor's Second Bankruptcy Case. (Supp. Resp. at 3.) Nationstar acknowledges, "These charges—which were discharged in the First Chapter 13 Bankruptcy—were in fact inadvertently included in the Proof of Claim." (*Id.* at 4.) Despite acknowledging that it is, and has been, attempting to collect from the Debt-

---

5. The Complaint asserts three causes of action, including (i) objection to Claim No. 1–1 because it includes (a) foreclosure and bankruptcy costs and (b) arrearage payments and accrued interest, all of which were included in Claim No. 2–2 in the First Bankruptcy Case and were previously paid in full and discharged; (ii) violations of the Real Estate Set-

tlement Procedures Act; and (iii) violations of the Fair Debt Collection Practices Act. (Adv. Proc., Doc. 1.) The Debtor alleges that Nationstar's conduct as set forth in (i), above, violates the discharge injunction. There is some overlap between the allegations in the Adversary Complaint and this Motion for Contempt.

or discharged fees and costs in the amount of $1,556.91 ("Discharged Claims"), Nationstar has not amended Claim No. 1–1 to delete these charges. Instead, Nationstar asserts that it is "prepared to amend the Proof of Claim once it is apparent [the] Debtor will not bring additional lawsuits for any perceived imperfection in a future amendment." (*Id.*)

Nationstar apparently believes it is appropriate to refuse to do what it is required to do, unless and until, the Debtor agrees that it will not pursue any further legal actions. However, there is no justification for Nationstar's refusal to amend Claim No. 1–1. A proof of claim is signed under penalty of perjury. Once a creditor knows that it does not have a good faith basis for the assertion of certain claim amounts, the creditor has a duty to amend its proof of claim. Here, Nationstar expressly acknowledges that Claim No. 1–1 includes the Discharged Claims, which were fully paid and discharged in this case, but offers to amend Claim No. 1–1 only if it gets assurances that "imperfections" in the amended proof of claim will not be subject to further legal action. Seeking to collect the Discharged Claims is not an "imperfection" in the proof of claim, it is a violation of the discharge injunction.

The Supplemental Response cites several cases for the proposition that "Nationstar is protected by the judicial proceeding privilege against civil action by [the] Debtor based on the contents of the Proof of Claim." (Supp. Resp. at 5.) All of the cases cited by Nationstar are distinguishable and deal with situations entirely different from the facts alleged in this Motion for Contempt. Here, the Debtor is not asserting that Nationstar has committed a tort

against her because the Discharged Claims were included in Claim No. 1–1.[6] Instead, the Debtor is seeking to enforce the discharge injunction and to have Nationstar held in contempt because Nationstar attempted to collect and continues to attempt to collect the Discharged Claims from the Debtor. Nationstar wholly ignores that it attempted to collect the Discharged Claims directly from the Debtor prior to her filing the Second Bankruptcy Case and that those Discharged Claims were part of the basis for Nationstar's threatened foreclosure action.

Even if the only basis for the Motion for Contempt was Nationstar's inclusion of the Discharged Claims in Claim No. 1–1, however, this conduct would be sufficient for a finding that Nationstar has violated the discharge injunction. *McLean v. Greenpoint Credit LLC*, 515 B.R. 841 (Bankr. M.D. Ala., 2014) is factually similar to the instant case. In *McLean*, the bankruptcy court found that:

> The plain language of the discharge injunction, its legislative history, and analogous case law support the conclusion that filing a proof of claim in a bankruptcy action is an act to collect on a debt that could be a violation of the discharge injunction. Because the proof of claim is for a debt that was discharged in the McLean's previous bankruptcy, Green Tree has violated the discharge injunction and may be held liable if such violation was willful.

*Id.* at 846. The court concluded that, because Green Tree had knowledge of the discharge injunction and intended to file the proof of claim, Green Tree willfully violated the discharge injunction.

---

6. The Adversary Proceeding alleges in Count I that Nationstar has committed fraud against the Debtor by attempting to collect the Discharged Claims. Nationstar's argument concerning judicial privilege may be applicable to the Adversary Proceeding, but the Motion for Contempt does not encompass any such claim.

Like in the *McLean* case, there is no dispute here that Nationstar had knowledge of the Debtor's Discharge and that it intended to—and attempted to—collect the Discharged Claims. As a consequence, the Court finds Nationstar willfully violated the discharge injunction by attempting to collect the Discharged Claims. Indeed, Nationstar's refusal to amend Claim No. 1–1 to delete the Discharged Claims underscores the willful nature of the violation of the discharge injunction. The Court finds that Nationstar is in contempt of court for violation of the discharge injunction in 11 U.S.C. § 524.

The Court finds that a further hearing is necessary to determine the kind and amount of damages (including attorney's fees), if any, that the Debtor has incurred as a result of Nationstar's willful violation of the discharge injunction.

### B. Mortgage Payments

■ The Debtor also asserts that Nationstar has violated the discharge injunction by attempting to collect monthly mortgage payments that she alleges she paid pursuant to the Plan (post-petition and prior to the date of the Notice of Final Cure). (Mot. for Contempt at 2.) These amounts are included in the arrearage amount in Claim No. 1–1.

Nationstar admits that it received the Notice of Final Cure and that "it did not object to the Notice of Final Cure Payments[.]" (Adv. Proc., Doc. 8 ¶¶ 15, 20.) Nationstar does not address the issue of the monthly mortgage payments in either the Response or the Supplemental Response, except to assert that it "denies that the Notice of Final Cure Payment confirms that [the Debtor's] chapter 13 plan payment and post-petition mortgage payments were timely made[.]" (*Id.*)

Federal Rule of Bankruptcy Procedure 3002.1(g) required Nationstar to respond to the Notice of Final Cure if it did not agree with the amounts set forth therein.

> Within 21 days after service of the notice under subdivision (f) of this rule, the holder shall file and serve on the debtor, debtor's counsel, and the trustee a statement indicating (1) whether it agrees that the debtor has paid in full the amount required to cure the default on the claim, and (2) whether the debtor is otherwise current on all payments consistent with § 1322(b)(5) of the Code.

Fed. R. Bankr. P. 3002.1(g) (West 2014).

Rule 3002.1 also addresses the failure of a creditor to file the required statement.

> If the holder of a claim fails to provide any information as required by subdivision (b), (c), or (g) of this rule, the court may, after notice and hearing, take either or both of the following actions:
>
> (1) Preclude the holder from presenting the omitted information, in any form as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
>
> (2) Award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

Fed. R. Bankr. P. 3002.1(i) (West 2014). Here, Nationstar admits that it received the Notice of Final Cure and that it failed to object to the information contained in the Notice. Nationstar's actions were not harmless. The Debtor was threatened with foreclosure action based on alleged unpaid mortgage payments when she believed, due to Nationstar's failure to respond to the Notice of Final Cure, that she was current on her mortgage payments. Nationstar has offered no explanation for its failure to file the statement required by Rule 3002.1(g); there is no basis for a

finding that the failure was substantially justified.

As a consequence, the Court (i) orders that Nationstar is precluded from presenting any information that could have been included in a statement in response to the Notice of Final Cure, in any form, as evidence in any contested matter or adversary proceeding in this case, including Adversary Proceeding No. 14–4009; and (ii) will set a further hearing to determine reasonable expenses and attorney's fees caused by Nationstar's failure to file the statement required by Rule 3002.1(g).

The Debtor and Nationstar indicated at the October 2, 2014 hearing that they would like to mediate the issue of damages relating to the violation of the discharge injunction and the attorney's fees and expenses relating to Nationstar's failure to file the statement required by Rule 3002.1(g). As a consequence, the Court grants the parties a 30–day period (*i.e.*, through November 1, 2014) to file a document with the Court that provides that either (i) the parties have agreed on a mediator and obtained a date for mediation; or (ii) the parties have agreed not to mediate. If the parties proceed with mediation, they are required to inform the Court of the mediation date and file a report concerning the success of such mediation no later than 14 days after the conclusion of the mediation. If (i) the parties do not agree to mediate; or (ii) the mediation does not result in settlement,[7] the Court will set a further hearing on the issues of damages, as set forth herein.

**IT IS SO ORDERED.**

---

·**7.** As indicated, the Adversary Proceeding and the Motion for Contempt have overlapping allegations. The parties may choose (but are not required) to mediate and settle both matters.